FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 27, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>v.<br><br>LUIS CORTEZ MARTINEZ,<br><br>       Defendant. | No.   4:20-cr-06038-SMJ<br><br>**ORDER DENYING CONSTRUED MOTION FOR REDUCED SENTENCE** |

Before the Court, without oral argument, is *pro se* Defendant Luis Cortez Martinez' Petition for Consideration, ECF No. 69, which the Court construes as a motion for a reduced sentence. Having reviewed the record in this matter, the Court is fully informed and denies the motion.

### BACKGROUND

On February 4, 2022, this Court sentenced Defendant to 168 months' imprisonment and five years' supervised release after he pleaded guilty to one count of possession with intent to distribute 50 grams or more of actual (pure) methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii). ECF No. 67. Defendant is currently housed at FDC SeaTac in Seattle, Washington with

ORDER DENYING MOTION FOR REDUCED SENTENCE – 1

a projected release date of December 11, 2032. *BOP Inmate Locator*, BOP (last accessed June 27, 2022), https://www.bop.gov/inmateloc/.

Defendant now seeks a reduced sentence based on his time served during lockdown, record of good behavior, nonviolent charge, good support system, and job skills. ECF No. 69.

## LEGAL STANDARD

The Court's authority to amend a criminal defendant's sentence of incarceration, once it has been imposed, is narrow. *See* 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except that . . ."). The statutory mechanism under which Defendant seeks early release permits a sentence reduction if the Court finds "extraordinary and compelling reasons warrant" such relief. *Id.* § 3582(c)(1)(A)(i). The Court must also consider the sentencing factors provided in 18 U.S.C § 3553(a). 18 U.S.C. § 3582(c)(1)(A). But that provision is only available "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* § 3582(c)(1)(A).

//

//

ORDER DENYING MOTION FOR REDUCED SENTENCE – 2

## DISCUSSION

**A.    Defendant has not exhausted his administrative remedies**

Defendant makes no mention of any attempt to seek release through the appropriate channels at the Bureau of Prisons, such as by petitioning the warden of his facility. As such, the Court cannot conclude that Defendant has satisfied the requirement of administrative exhaustion set out in 18 U.S.C. § 3582(c)(1)(A)(i), and the Court therefore lacks authority to grant a sentence reduction pursuant to Section 3582. Even so, as explained below, denial of the motion would be appropriate even if Defendant had exhausted his administrative remedies.

**B.    Defendant has not demonstrated extraordinary and compelling reasons warranting release**

The Court finds Defendant has failed to establish "extraordinary and compelling reasons" warranting a reduction in his sentence to time served. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Further, the crime of conviction is a serious offense, warranting 168 months of incarceration.

The Court must consider the Section 3553(a) factors. Along with the kinds of sentences available and the sentencing range established by the guidelines, Section 3553(a):

The Court concludes that Defendant's sentence continues to reflect the concerning nature and circumstances of the offense and avoids unwarranted sentencing disparities. Defendant has now served approximately 18 months of his

ORDER DENYING MOTION FOR REDUCED SENTENCE – 3

168-month sentence. Defendant seems to indicate that he is making strides toward rehabilitation, noting his good behavior, job skills, and support system in place for his release. While the Court commends Defendant for his good behavior during his term of incarceration, that does not erase the nature of his crime. At the time of his sentencing hearing—held only four months ago—the Court determined that 168 months' incarceration was appropriate in light of the applicable Sentencing Guidelines and the Section 3553(a) factors listed above. Defendant's unsupported arguments, so close in time to his sentencing hearing, do not amount to the kind extraordinary and compelling circumstances necessary for the Court to grant a sentence reduction under 18 U.S.C. § 3582.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's construed motion for a sentence reduction, **ECF No. 69**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the Bureau of Prisons.

**DATED** this 27th day of June 2022.

*[signature]*

SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING MOTION FOR REDUCED SENTENCE – 4